IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TANIA MOY, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-6300 |
| | : | |
| ROSE VIEW CENTER, et al., | : | |
| Defendants. | : | |
| | : | |

**Memorandum and Order**

YOHN, J.                                                                                                  December ___, 2006

     Plaintiff Tania Moy brings this action for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), against defendants Rose View Center; Rose View Manor, Inc.; and Rose View Manor East, Inc. Defendants have filed a motion to dismiss for untimeliness and for improper venue pursuant to Rule 12 of the Federal Rules of Civil Procedure. In the alternative, defendants move for a transfer of venue to the United States District Court for the Middle District of Pennsylvania. For the foregoing reasons, I will deny defendants' motion to dismiss for untimeliness and for improper venue. Further, I will deny defendants' motion to transfer venue to the Middle District of Pennsylvania.

**I.  Factual & Procedural Background**

     The complaint, which is notably general, contains the following allegations. Tania Moy, an African-American female, resides in Philadelphia, Pennsylvania. Defendants are "employers" within the meaning of Title VII and conduct business in Pennsylvania. Defendants Rose View

Center and Rose View Manor East, Inc. are located in Williamsport, Pennsylvania; and defendant Rose View Manor, Inc. is located in Kennett Square, Pennsylvania.  Defendants employed plaintiff in 2002.  During plaintiff's employment, she was subjected to discriminatory treatment (plaintiff fails to specify whether the discrimination was a result of her race, sex, or both) by defendants and their employees, including "excessive supervision, humiliation, and harassment.  Plaintiff was discharged on a pretext or Defendant[s] wrongfully discharged or laid-off Plaintiff.  Furthermore, Plaintiff was insulted and belittled."  (Compl. ¶ 6.)  Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC").[1]  Plaintiff has never received a Notice of the Right to Sue from the EEOC.  The only letter plaintiff received from the EEOC was dated September 9, 2005, which stated that her charge was closed.

Plaintiff filed the instant complaint on December 6, 2005.  Thereafter, defendants filed a motion to dismiss plaintiff's complaint for untimeliness and improper venue.  In the alternative, defendants moved for transfer of venue to the Middle District of Pennsylvania.

## II. Discussion

### A. Motion to Dismiss for Untimeliness

Generally, when deciding whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is testing the sufficiency of a complaint.  *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In making its ruling, the court must accept as true all well-pled allegations of fact in the plaintiff's complaint,

---

[1] Defendants assert, and plaintiff concedes, that the EEOC mailed a right to sue letter to plaintiff on December 23, 2002.

and any reasonable inferences that may be drawn therefrom, to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). "The issue is not whether [the claimant] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997). Courts will grant a motion to dismiss "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Although technically the Federal Rules of Civil Procedure require affirmative defenses to be pleaded in the answer, the Third Circuit allows "a limitations defense to be raised by a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)). "If the bar is not apparent on the face of the complaint, then it may not afford the basis of dismissal of the complaint under Rule 12(b)(6)." *Robinson*, 313 F.3d at 135 (citing *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)).

A plaintiff bringing an action under Title VII must file a complaint within ninety days after receiving notice of the EEOC's decision not to take action. *See* 42 U.S.C. § 2000e-5(f)(1). Receipt of notice usually occurs on the date the plaintiff receives the right to sue letter from the EEOC. "When the actual date of receipt is known, that date controls. However, in the absence of other evidence, courts will presume that a plaintiff received her right-to-sue letter three days after the EEOC mailed it." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999) (internal citations omitted). Further, the Third Circuit has held that the ninety-day

limitation, which is more like a statute of limitations than a jurisdictional bar, is subject to tolling. *Seitzinger*, 165 F.3d at 239-40 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)); *see also Oshiver v. Levin, Fishbein, Sedran & Breman*, 38 F.3d 1380, 1387 (3d Cir. 1994). "Under equitable tolling, plaintiffs may sue after the statutory period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Seitzinger*, 165 F.3d at 240. Courts will invoke equitable tolling "when principles of equity would make a rigid application of the statute of limitations unfair." *Id.* at 240 (citing *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998)). Thus, equitable tolling is appropriate "when a claimant received inadequate notice of a right to file suit, where a motion for appointment of counsel is pending, or where the court misled the plaintiff . . . ." *Seitzinger*, 165 F.3d at 240 (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)).

     Defendants move for dismissal of plaintiff's complaint because it is untimely. Defendants allege, and plaintiff concedes, that the EEOC mailed plaintiff the right to sue letter on December 23, 2002, and that plaintiff did not file her complaint until December 6, 2005. Plaintiff, in her complaint, denies ever receiving notice of the right to sue. (Compl. ¶ 4b.) Defendants, citing *Garrison v. Town of Bethany Beach*, 131 F. Supp. 2d 585, 589 (D. Del. 2001) (applying the three-day presumption while ruling on defendant's motion for summary judgment), argue that because evidence to the contrary is absent, plaintiff is presumed to have received notice on December 26, 2002, three days after the EEOC mailed the right to sue letter. (Def.'s Mem. Supp. 3.) Defendants therefore assert that plaintiff's complaint is time-barred because it was not filed on or before March 26, 2003, ninety days after plaintiff presumptively received

4

notice. As such, defendants argue that plaintiff's motion must be dismissed as untimely. This court disagrees.

As stated above, because the ninety-day limitation imposed on Title VII actions is more like a statute of limitations than a jurisdictional bar, it is subject to equitable tolling. *See Seitzinger*, 165 F.3d at 239-40. As such, even if the court were to apply the three-day presumption at this stage, it is not evident from the face of the complaint that plaintiff's claims are time-barred. Defendants are correct that plaintiff provides little detail and evidence with regard to her allegation that she did not receive the right to sue letter; however, plaintiff is not required to do so at this stage of the litigation. Plaintiff alleges that she did not receive a Notice of Right to Sue from the EEOC and that she only received a letter dated September 9, 2005 stating that her charge was closed by the EEOC. I must accept those allegations in resolving a motion to dismiss. The reason for plaintiff not receiving the notice earlier is unclear from the face of the complaint and response. Discovery may very well show that plaintiff is not entitled to equitable tolling. If that is the case, then defendants will have the opportunity to raise the issue of untimeliness at later stages of the litigation. Therefore, because it is not evident from the face of plaintiff's complaint that her claims are time-barred, I will deny defendants' motion to dismiss the complaint for untimeliness.

**B. Motion to Dismiss for Improper Venue**

When a defendant moves for dismissal of a plaintiff's claims under Federal Rule of Civil Procedure 12(b)(3), he bears the burden of proving that venue is improper. *Myers v. Am. Dental Assoc.*, 695 F.2d 716, 724-25 (3d Cir. 1981). Title VII has its own exclusive venue provision which authorizes suit in:

> [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of title 28 of the United States Code, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e(f)(3) (numbering added). "Some courts have noted that 'this broad provision for alternative forums was necessary to support the desire of Congress to afford citizens full and easy redress of civil rights grievances.'" *Passantino v. Johnson & Johnson Consumer Prod.'s, Inc.*, 212 F.3d 493, 504 (3d Cir. 2000) (quoting *Richardson v. Ala. State Bd. of Educ.*, 935 F.2d 1240, 1248 (11th Cir. 1991)). When venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer the case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Defendants argue that venue is improper in this district because:

> The alleged discriminatory employment practices could only have been committed at the Rose View Center in Williamsport, Pennsylvania, since that is where Plaintiff worked. All of the relevant records concerning Plaintiff's employment . . . are maintained in Williamsport, Pennsylvania, and all of the decisions concerning her employment were made there. It also cannot be disputed that Plaintiff would have continued working at the Rose View Center in Williamsport, Pennsylvania but for the alleged unlawful practices. Finally, since Defendants continue to operate the Rose View Center in Williamsport, Pennsylvania . . . .

(Def.'s Br. in Supp. of Mot. to Dismiss 5.) Defendants therefore assert that the proper venue is the Middle District of Pennsylvania, the district in which Williamsport is located. However,

defendants' argument must be rejected because it relies on a misinterpretation of Title VII's venue provision. The venue provision provides that a plaintiff's Title VII "action may be brought *in any judicial district in the State* in which the unlawful employment practice is alleged to have been committed . . . ." 42 U.S.C. § 2000e(f)(3) (emphasis added). Thus, venue is not limited to the district in which the unlawful acts occurred, but rather, is proper in any district in the state in which those unlawful acts occurred. *See Perkins v. Town of Princeville*, 340 F. Supp. 2d 624, 627 (M.D.N.C. 2004); *Simpson v. N.Y. State Dep't of Civil Serv.*, 2004 U.S. Dist. LEXIS 19893, at *4 (S.D.N.Y. Sept. 30, 2004); *EEOC v. Mustang Mobile Homes, Inc.*, 88 F. Supp. 2d 722, 724 (W.D. Tex. 1999); *Gilbert v. Gen. Elec. Co.*, 347 F. Supp. 1058, 1060 (E.D. Va. 1972). In the instant action, the parties agree that the alleged unlawful acts must have occurred in Pennsylvania. As such, any district in Pennsylvania is a proper venue. Therefore, I will deny defendants' motion to dismiss for improper venue.

**C.  Motion to Transfer**

The decision to grant a motion for a change of venue lies within the broad discretion of the district court, but should not be liberally granted. *Shutte v. ARMCO Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *Superior Precast Ins. v. Safeco Ins. Co. of Am.*, 71 F. Supp. 2d 438, 445 (E.D. Pa. 1999). The controlling statute, 28 U.S.C. § 1404, provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). While the discretion to transfer is broad, the defendant bears the burden of proving that venue is proper in the transferee district and that convenience and justice would be served by transferring the action to another district. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

The Third Circuit has enumerated a host of public and private factors to aid in determining when to allow a transfer of venue. *Id*. The private interests to be considered include:  1) plaintiff's choice of forum; 2) defendant's choice of forum; 3) where the claim arose; 4) the convenience of the parties as indicated by their relative physical and financial conditions; 5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable at trial; and 6) the location of the books and records, similarly limited to the extent that files could not be produced in the alternative forum. *Id*. The public interests to be considered include:  1) the enforceability of the judgment; 2) practical considerations that could make the trial easy, expeditious, or inexpensive; 3) the local interest in deciding local controversies at home; 4) the public policies of the fora; and 5) judge familiarity with the applicable state law. *Id*. at 879-80.  While examining these factors courts must be mindful that the plaintiff's choice of forum is generally entitled to great weight. *Id*.  However, if the plaintiff is not a resident of the district in which the case is brought and the claim arose elsewhere, then the plaintiff's choice is granted less deference. *United States v. Klearman*, 82 F. Supp. 2d 372, 375 (E.D. Pa. 1999); *Pennwalt Corp. v. Purex Indus., Inc.*, 659 F. Supp. 287, 289 (D. Del. 1986) (stating "a defendant's burden with respect to plaintiff's choice of forum is easier to meet where the plaintiff has not brought suit on its 'home turf'").

**1. Private Interest Factors**

The private factors do not support transfer from the Eastern District of Pennsylvania to the Middle District of Pennsylvania.  The first two factors, the parties' choices of forum, do not support transfer because plaintiff resides in this district.  As such, plaintiff's choice of filing in this district is entitled to great weight. *See Jumara*, 55 F.3d at 879.  Further, defendant Rose

View Manor, Inc. is located in this district. The third factor, where the claim arose, supports transfer because the alleged unlawful conduct occurred in Williamsport, Pennsylvania, which is located in the Middle District. The fourth factor, the convenience of the parties as indicated by their relative physical and financial conditions does not support transfer. Financially, defendants possess greater resources than plaintiff. Further, as stated above, plaintiff and a defendant are located within this district. The remaining defendants will not be greatly inconvenienced by having to litigate in this district due to the close proximity of Williamsport to Philadelphia. Likewise, because of the close proximity of the two cities, the two remaining private interest factors, the convenience of the witnesses and the location of the books and records, do not support transfer. While the witnesses and records are located in the Middle District, they will be available at trial if it is held in the Eastern District. Moreover, defendants have not supported their motion with the names and addresses of any party or non-party witnesses who are likely to be called at trial. Defendants, citing *Lynn v. Consolidated Rail Corp.*, 1994 U.S. Dist. LEXIS 6255 (E.D. Pa. May 13, 1994) (transferring action to the Western District of Pennsylvania), argue that this court cannot subpoena defendants' potential employee-witnesses because they are located over 170 miles from the Philadelphia courthouse. However, defendants neglect that, in examining the convenience of the witnesses factor, this court focuses on the convenience of the non-party witnesses. *See Hillard v. Guidant Corp.*, 76 F. Supp. 2d 566, 570 (M.D. Pa. 1999) (stating "[p]arty witnesses are presumed to be willing to testify in either forum despite any inconvenience . . . The convenience of non-party witnesses is the main focus"). Further, *Lynn* is distinguishable because, unlike in the instant action, the plaintiff in *Lynn* did not reside in the Eastern District. *Lynn*, 1994 U.S. Dist. LEXIS 6255, at **2-3. Therefore, this court finds that

9

the private interest factors do not support transfer.

**2. Public Interest Factors**

The public interest factors will only be briefly discussed as they are barely addressed by the parties. No issues with regard to the enforceability of this court's judgment over either party is presented. Further, defendants have not proffered any argument that transfer to the Middle District would make trial more easy, expeditious, or inexpensive. Because the Middle District and Eastern District are located in the same state, the remaining public interest factors do not support transfer. As such, this court finds that the public interest factors do not support transfer.

After weighing the private and public interests, this court finds that defendants have not satisfied their burden of showing that convenience and justice would be served by transferring the instant action to the Middle District of Pennsylvania. Therefore, I will deny defendants' motion to transfer.

**III.  Conclusion**

For the aforementioned reasons, I will deny defendants' motion to dismiss for untimeliness and for improper venue pursuant to Rule 12 of the Federal Rules of Civil Procedure. Likewise, defendants' motion to transfer the action to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404 will be denied.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TANIA MOY,<br>Plaintiff,<br><br>v.<br><br>ROSE VIEW CENTER, et al.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>NO. 05-6300 |

## Order

YOHN, J.

    **AND NOW** on this _____ day of December 2006, upon consideration of defendants' motion to dismiss for untimeliness and for improper venue, motion to transfer under 28 U.S.C. § 1404 to the Middle District of Pennsylvania, and plaintiff's response thereto, **IT IS HEREBY ORDERED** that:

1. Defendants' Rule 12(b)(6) motion to dismiss for untimeliness is denied.

2. Defendants' Rule 12(b)(3) motion to dismiss for improper venue is denied.

3. Defendants' motion to transfer under 28 U.S.C. § 1404 is denied.

                                                  _s/ William H. Yohn Jr._
                                                  William H. Yohn Jr., Judge